IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 4:13-cv-01252-HEA |
| KESHAV KALINDI, LLC, d/b/a WESTWOODS MOTEL, | ) ) ) | |
| and, | ) ) | |
| BHARAT SAHEBA, | ) ) | |
| and, | ) ) | |
| DOUGLAS BOWEN, | ) ) | |
| Defendants. | ) | |

**DEFENDANT DOUGLAS BOWEN'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO STAY FIRST AMENDED COMPLAINT**

**COMES NOW** Defendant Douglas Bowen, and hereby submits his Memorandum of Law in Support of his Motion to Stay:

**I.    INTRODUCTION**

The core question in this case is whether there is insurance coverage under ACI's CGL policy for the judgment entered by the Circuit Court of Callaway County, Missouri in favor of Bowen and against ACI's insureds Bharat Saheba and Keshav Kalindi, LLC.  This coverage question is already at issue in a parallel proceeding in the Circuit Court of the City of St. Louis, involving the same parties as this case, the same insurance policy, and the same questions of state law, with no federal question implicated.  ACI's amended complaint alleges two counts against Bowen; Count I seeking a declaratory judgment, and Count III alleging a purported tort.

1

Counts II and IV are against ACI's insureds for breach of contract and fraud in the inducement, respectively. Bowen's name appears in the prayer under Count IV but obviously he could not have induced ACI to enter a contract he was not a party to, and no facts are alleged saying he did, so that Count should be dismissed as against Bowen.

Because ACI's purported extrinsic fraud count and its contract count against Bowen should be dismissed as a matter of law, as more fully explained in a separate legal memorandum filed concurrently with this one, leaving only the Count I declaratory judgment action against Bowen, this Court may properly exercise its discretion to abstain from further adjudicating this case until the parallel state case is concluded (the state case has been litigated to the point it is set for oral argument on a motion for summary judgment April 4, 2014; see Exhibit F hereto.

The truth is all counts are really seeking the same thing, which is a declaration that there is no coverage for the Callaway County judgment, as can be seen by reading the prayer for relief under each count. This is the same dispute already at issue in the state case. These newly fabricated counts are merely an attempt to avoid the "parallel state action" abstention doctrine. The crux of this case is Bowen is seeking coverage for the Callaway County judgment and ACI is disputing it. This action is completely parallel with the state action and it should be stayed (ACI is really trying to turn its defenses to the state action into "counts" here).

To procedurally update this Court: ACI removed the state case, but after briefing it was remanded. The remand order concluded that the insureds are necessary parties to the garnishment, and that they are properly aligned as defendants. The remand order further concluded that even if the insureds were realigned, the case would still be remanded "because the Court would deem ACI to be a Missouri citizen under operation of 28 U.S.C. § 1332." (Exhibit C hereto, p. 9). During the remand process the case before this Court continued, with Bowen

submitting a motion to stay until resolution of the parallel state action. After briefing, ACI requested and was granted oral argument on that motion. But on the morning of the argument ACI recognized that all relevant authority mandated the stay. So to avoid the stay ACI submitted a last minute verbal request to amend its complaint. ACI has now submitted its amended complaint purporting to allege an "extrinsic fraud" claim and a contract claim against Bowen.

The purported claim, however, has never been recognized under Missouri law as a valid claim for the insurer. Properly pleaded, ACI's claim of fraud and collusion related to its insureds' § 537.065 agreement with Bowen is an affirmative defense to Bowen's garnishment. It is a defense insurers have been raising for decades attempting to avoid coverage. The contract count fails because Bowen was not a party to the contract and no facts are pleaded suggesting he was. No matter how the issues are framed or the parties are arranged, the controlling issue is whether ACI's policy provides coverage for the state court judgment. The whole purpose of the suit is to adjudicate that issue of state law. ACI is simply trying to manufacture federal jurisdiction for this purely state-law insurance coverage dispute.

## II.    RELEVANT FACTS

1. In 2013 Defendants Bharat Saheba and his motel company received a state-court petition seeking monetary damages for personal injuries suffered by Defendant Bowen. See Exhibit 2 to ACI's Amended Complaint.

2. The underlying case alleged that on August 19, 2012 Bowen was a guest of the Westwood Motel, which is owned and operated by Saheba and Kashev Kalindi, LLC, and that he was injured when Saheba the motel manager negligently provided him a dangerous product called Liquid Fire to unclog the sink in his room. Ex. 2 to Amended Complaint, ¶¶ 9-15.

3

3.Saheba and the LLC were insured as the owner and operator of the motel under a policy of insurance numbered M202000176 issued by ACI.  Amended Complaint, ¶ 14.

4.ACI declined to provide a defense in the underlying action based on an exclusion that excludes coverage for injuries to employees.  Amended Complaint, ¶ 24.

5.So Saheba and the LLC entered into an agreement under § 537.065, RSMo, whereby Bowen agreed in the event of a judgment he would attempt to collect solely against ACI, and then they proceeded to trial on all issues of liability and damages in the underlying case on July 8, 2013.  Amended Complaint, ¶ 26 and Exhibit 3 thereto.

6.Aware of the July 8, 2013 trial date in the underlying action, ACI commenced this action one week earlier on July 1, 2013.  (Docket Entry # 1).

7.After the July 8, 2013 trial the Court entered Judgment in Bowen's favor and against Saheba and the LLC in the amount of $6,000,000.00.  Amended Complaint, ¶¶ 44, 45, Exhibits 4 and 5 thereto (Bowen's demand for the policy limits of $500,000.00 remained open for 9 days after the judgment but ACI rejected the demand).

8.That Judgment became final thirty days later, whereupon on August 15, 2013 Bowen filed an action in the Circuit Court of the City of St. Louis based on Missouri Statutes § 379.200 (equitable garnishment), with ACI, Saheba, and the motel LLC named as defendants.  A copy of the City of St. Louis first amended petition is attached hereto as Exhibit A and incorporated herein by this reference (Bowen voluntarily dismissed the vexatious refusal count).

9.The City of St. Louis case involves the same parties as the case before this Court, the same ACI insurance policy and exclusion, and the same state-law question of whether there is coverage for the Callaway County Judgment under ACI's policy.

10. On September 27, 2013, ACI removed Bowen's state case to the United States District Court, Eastern District of Missouri. The federal case number was 4:13-cv-01919-JAR (Hon. John A. Ross, District Judge). A copy of the docket entries from the removed case are attached hereto as Exhibit B, and incorporated herein by this reference.

11. After Bowen submitted a motion seeking remand and the parties submitted briefing, the District Court remanded the state case. A copy of the remand order is attached hereto as Exhibit C, and incorporated herein by this reference.

12. In opposing remand ACI argued that its insureds are not necessary parties to Bowen's collection efforts, but the District Court disagreed, finding "Under relevant and applicable Eighth Circuit and Eastern District of Missouri precedent, as well as the clear language of § 379.200, the Court finds that [the insureds] are necessary parties to this action." Ex. C., p. 6.

13. ACI also argued that its insureds should be realigned as plaintiffs alongside Bowen, but the District Court did not agree instead finding "that realignment of [the insureds] is improper and, furthermore, that it would not result in this Court retaining jurisdiction under 28 U.S.C. § 1332." Ex. C, p. 9.

14. The remand court wrote "Further, even if [the insureds] were realigned, this case would still be remanded because the Court would deem ACI to be a Missouri citizen under operation of 28 U.S.C. § 1332." Ex. C, p. 9.

15. The remand court explained "The Court agrees that Bowen's claims all arise out of a single underlying harm. The Court declines to split Bowen's claims to allow ACI to have a federal forum for the breach of contract and vexatious refusal claims when the equitable garnishment claim will involve the same underlying facts." Ex. C, p. 10.

5

16. After remand, the parties continued to litigate the case in the City of St. Louis. A copy of the docket entries is attached hereto as Exhibit D, and incorporated herein by this reference (the parties continue to use the initial case number as well as the number assigned after remand; before remand the case was docketed Case No. 1322-CC09130, after remand the same number was used but with "01" appended at the end; for simplicity all docket entries are consolidated as one exhibit).

17. The **Docket Entries** in Exhibit D reflect activity as follows:

Bowen's first amended petition filed September 9, 2013; ACI's answer and notice of removal September 27, 2013, with remand order filed November 26, 2013; Bowen's service of request for production and interrogatories December 2, 2013; Bowen's motion for summary judgment with accompanying legal memorandum and exhibits filed December 10, 2013; ACI's request for production and interrogatories served January 2, 2014; ACI's notices of depositions of Bowen and the insureds filed January 3, 2014; ACI's notice to take a witness deposition filed January 9, 2013; ACI's answers to interrogatories served January 15, 2014; ACI's amended answer to the first amended petition with a counterclaim and cross claim for declaratory judgment filed January 16, 2014; ACI's motion to dismiss some claims filed that same date; Bowen's reply to the counterclaim filed January 21, 2014; Bowen's answers to interrogatories and responses to request for production served January 23, 2014; ACI's motion to dismiss its insureds' cross claim filed January 27, 2014; ACI's initial response to Bowen's motion for summary judgment and its preliminary memorandum of law filed January 31, 2014; Bowen's second request for production of documents served February 6, 2014; Bowen's dismissal of his count for vexatious refusal filed March 3, 2014; Bowen's amended statement of facts for his motion for summary judgment with exhibits filed March 3, 2014.  See Exhibit D.

6

18. ACI's amended answer states a counterclaim against Bowen and cross claim against the insured's seeking a declaration that the underlying judgment is unenforceable; that there is no coverage under ACI's policy; that there is no duty to defend or indemnify' that the § 537.065 agreement is unenforceable; and that the underlying judgment is not supported by evidence and was unreasonable--<u>the same thing it is seeking here</u>. A copy of ACI's amended answer is attached hereto as <u>Exhibit E</u>, and incorporated herein by this reference.

19. ACI specifically challenges the § 537.065 agreement as being unenforceable because it purportedly includes contingent claims, requires the insureds to waive the right to present evidence, object to evidence or make argument, and provides for sharing of proceeds between Bowen and the insureds—<u>the same thing it alleges here</u>. <u>Ex. E</u>, p. 10 ¶ 23.

20. After pleadings, amended pleadings, initial written discovery and supplemental written discovery, depositions of Bowen, the insureds, and a witness, Bowen's motion for summary judgment is currently scheduled for oral argument before the Circuit Court of the City of St. Louis, Honorable David L. Dowd, Circuit Judge, Division 2, on April 4, 2014. A copy of the motion docket page is attached as <u>Exhibit F</u>, and incorporated herein by this reference.

21. ACI initially pled its case here as a declaratory judgment action seeking the same declaration it is seeking in the state case that there is no coverage or duty to defend related to the underlying Callaway County case. (Docket Entry #1).

22. Bowen submitted a motion to stay the declaratory judgment action pending resolution of the parallel state action. (Docket Entries # 6 and 7).

23. After briefing ACI then requested oral argument on Bowen's motion to stay (Docket Entry # 29), which was granted. (Docket Entry # 31).

7

24. At the hearing that ACI requested on the motion to stay, however, ACI made a last-minute verbal motion to amend its complaint, which the Court granted (Docket Entry # 32).

25. The amended complaint alleges the same declaratory judgment as the initial complaint and adds a purported tort count and contract claim against Bowen. (Docket Entry # 33).

26. On March 11, 2014, three days before filing its proposed amended complaint here, ACI submitted a motion seeking a stay in the remanded state case, expressly acknowledging the state case is a parallel case, stating: "**The central issue before this Court is at the center of the federal court's declaratory judgment action**," and that **"[b]oth the federal and state actions arise out of the same transaction or occurrence as they both relate to the proceeds of an insurance policy**." A copy of ACI's motion seeking a stay in the state case is attached hereto as Exhibit G, ¶¶ 9 and 10.

27. ACI admitted in the state case on January 16, 2014 that "This action for declaratory judgment is appropriately in this Court[,]" and "This Court has jurisdiction over this matter[,]" and "Venue is proper" in the City of St. Louis. Ex. E, p. 8 ¶¶ 5-7.

### III.  APPLICABLE LEGAL STANDARD

"Federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act." Royal Indem. Co. v. Apex oil Co., 511 F.3d 788, 792 (8th Cir. 2008). "This broader discretion arises out of the Declaratory Judgment Act's language that a court '*may* declare the rights and other legal relations of any interested party seeking such a declaration.'" Id. (quoting 28 U.S.C. § 2201(a)) (emphasis in original).

Where there is a parallel state action involving "'. . . the same issues, not governed by federal law, between the same parties . . . [a] federal court may abstain from proceeding because

8

'[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where' a parallel state court proceeding is pending." Id. at 793 (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942)).  In determining whether to abstain from proceeding, the district court should examine whether the claims of all interested parties may be adequately addressed in the state court proceeding, whether necessary parties are joined, and whether such parties are amenable to process in the state proceeding. Id.

The Eighth Circuit went on to affirm the district court's decision to stay the proceeding, explaining "[a]s the Supreme Court has concluded, an order staying an action 'does not constitute abnegation of judicial duty.  On the contrary, it is a wise and productive discharge of it.  There is only a postponement of decision for its best fruition.'" Id. at 797 (quoting Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 29 (1959)).

In another recent case, the Eighth Circuit reversed the district court where it did not stay the declaratory judgment action in light of a state action involving the same state-law issues and the same parties.  Cincinnati Indem. Co. v. A& K Const. Co., 542 F.3d 623, 624-25 (8th Cir. 2008) (explaining "[t]he complaint seeks only a declaratory judgment. . . . the district court should have considered abstaining from exercising jurisdiction in this declaratory case where a parallel state lawsuit is pending").

In the most recent Eastern District opinion on the exact same type of case as the one before this Court, the insurance company filed a declaratory judgment action in federal court on May 21, 2013, the § 537.065 judgment against the insured was entered on August 1, 2013, and the state garnishment action was filed September 9, 2013 (3.5 months after the declaratory judgment was filed).  Capitol Indem. Corp. v. March, 2013 WL 6838778 at *1 (E.D. Mo. Dec. 27, 2013) (Hon. Stephen N. Limbaugh, Jr., District Judge).

9

The insurer removed the state case and the Court consolidated the plaintiff's removed garnishment with the insurer's declaratory judgment.  Id. at *1-2.  The Court then explained "'**it is the duty of the federal courts to look beyond the pleading and to arrange the parties according to the primary purpose of the lawsuit**.'"  Id. at *2 (quoting Universal Underwriters Ins. v. Wagner, 367 F.2d 866, 870 (8th Cir. 1966)) (emphasis added).  "The parties are aligned according to the primary purpose of the lawsuit and their respective interests."  Id.

With respect to the primary purpose of the suit and the parties' respective interests, the Court noted that the garnishment plaintiff is seeking coverage for the judgment under the insurance policy and the insurer is seeking a determination that there is no coverage.  Id. at *3 (explaining "Capitol Indemnity would have no reason to raise the coverage issue but for March's claim").  Properly aligned, the judgment-creditor garnishor [Bowen] is the plaintiff and the insurer and its insureds [ACI and Saheba and the LLC] are the defendants.  Id. ("[r]ealignment would only serve the purpose of manufacturing federal jurisdiction").  The Court stayed the federal case pending the outcome of the state case.  Id. at *4.  In reaching that conclusion, the Court explained:

> Both actions involve the same parties, the same issues, the same insurance policy, and the same arguments.  Because the interpretation of insurance policies is governed by state law, Missouri law applies in both actions.  As a result, the state court is in a better position to adjudicate the matter.

Id. (internal citation omitted).

In another Eastern District case from last year, the insurance company argued that because the federal declaratory judgment action was commenced before the state equitable garnishment action there should be no stay.  The District Court disagreed, explaining:

10

>Liability has been determined and all that remains for decision is whether the judgment [against the insured] is covered under the policy issued by Travelers.  This is a question of state law and there is a pending state court proceeding in which the question will be answered.
>
>Travelers notes that this case was filed before the garnishment action and asserts that this factor weighs against abstention.  Where the two cases involve the same parties, same issue, same insurance policy, and same arguments, the relative timelines of the two cases is not a dispositive factor.

Travelers Indem. Co. v. Sarchett, et al., 2012 WL6738498 at *3 (E.D. Mo., Dec. 31, 2012) (Hon. Carol E. Jackson, District Judge).  That is the same as the case here.  Liability has been determined and all that remains for decision is whether the Callaway County judgment is covered under ACI's policy.

In another recent Eastern District case involving a declaratory judgment filed in federal court involving the question of whether there was a duty to defend and indemnify under a CGL, the court granted the motion to stay explaining:

>The principle of 'wise judicial administration' weighs in favor of declining to exercise jurisdiction over this action.  Because this action and the Underlying Suit [in state court] are parallel, allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical and vexatious for the parties and a waste of judicial resources.  The interpretation and application of James River's CGL policy is purely a matter of state law and there are no federal defenses or claims.  All of the issues pending among the parties can be satisfactorily adjudicated in the Underlying Suit.

11

James Rivers Ins. Co. v. Impact Strategies, Inc., 699 F.Supp.2d 1086, 1091 (E.D. Mo. 2010) (Hon. Charles A. Shaw, District Judge) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)).  The James Rivers court also rejected the insurance company's argument that the timing of the suits was relevant.  Id. at 1089 (explaining "[t]he Eighth Circuit did not address the date of filing as a relevant factor. . . .") (citing Royal Indem., *supra*, 511 F.3d 788).

Other cases from this District are in accord.  See Maryland Cas. Co. v. Shayatovich, 2012 WL6626808 at *5 (E.D. Mo. 2012) (Hon. Audrey G. Fleissig, District Judge) (ordering a stay of the declaratory judgment case pending resolution of the equitable garnishment case); Liberty Surplus Ins. Corp. v. Wright, 2012 WL 6200451 at *3 (E.D. Mo. 2012) (Hon. Catherine D. Perry, District Judge) (dismissing declaratory judgment case because there was a parallel Missouri case); Travelers Home and Marine Ins. Co. v. White, 2012 WL 5258892 at *3 (E.D. Mo. 2012) (Hon. Terry I. Adelman, Magistrate Judge) (ordering a stay pending resolution of the state garnishment case); Gander Mountain Co. v. Arnold Crossroads, L.L.C., 2010 WL1170014 (E.D. Mo. 2010) (Hon. Donald J. Stohr, District Judge) (dismissing the declaratory judgment action because the state case involved the same parties and state-law insurance issues); Northern Assur. Co. of North America v. Kendall, 2009 WL3763038 (E.D. Mo. 2009) (Hon. Rodney W. Sippel, District Judge) (staying the declaratory judgment action); American States Ins. Co. v. Gates Corp., 2008 WL163588 at *5 (E.D. Mo. 2008) (explaining the insurance company's "[r]ace to this courthouse should be tempered with permitting state law issues to be timely resolved in state court based on the facts of this case").

**III. ANALYSIS**

Once the non-existent purported fraud count and the erroneous contract count are dismissed, this Court may properly decline to exercise jurisdiction, instead staying this

12

proceeding pending the outcome of the parallel action filed in the City of St. Louis. The core issue here, and there, is whether the plaintiff's CGL policy provides coverage for the judgment entered against the plaintiff's insureds. The same parties to this action are also parties in the City of St. Louis equitable garnishment action. The same exclusionary provision will be central to the inquiry in both cases. There is no federal question presented in either case. This is a Missouri insurance law case.

Despite its tacit contention here that its amended complaint alleges claims that are not parallel to the state court action, three days before filing that complaint here, ACI told the state court the cases are essentially parallel, stating: "**The central issue before this Court is at the center of the federal court's declaratory judgment action**," and **"[b]oth the federal and state actions arise out of the same transaction or occurrence as they both relate to the proceeds of an insurance policy**." Ex. G, ¶¶ 9 and 10. Indeed, ACI's prayer for relief in Count III is that "[t]he Court enter its judgment declaring the Callaway County Judgment . . . unenforceable. . . ." Amended Complaint, p. 14. Count I prays "[t]he Court enter its judgment declaring that there is no coverage" for the Callaway County judgment; Count II prays "[t]he Court enter its judgment declaring that there is no coverage" for the Callaway County judgment. ACI is just attempting to spin its declaratory judgment action to avoid the "parallel state action" abstention doctrine. ACI's new "counts" are really affirmative defenses in Bowen's state case. ACI recognizes as much in the state case, admitting "This action for declaratory judgment is appropriately in this Court[,]" and "This Court has jurisdiction over this matter[,]" and "Venue is proper" in the City of St. Louis. Ex. E, p. 8 ¶¶ 5-7.

Further, all of the rights, obligations, duties, and legal relations of all of the parties under Missouri law and under the CGL can be satisfactorily adjudicated to finality in the state court

13

action, which is substantially litigated and on the eve of disposition by motion for summary judgment after remand from federal court finding the case properly belongs in state court. Moreover, the remand court not only found this case belongs in state court but also concluded that when the parties are properly aligned according to their interests and purposes there is no federal jurisdiction.  See Exhibit C, p. 9.

That is identical to Judge Limbaugh's December 27, 2013 conclusion in Capitol Indemnity Corp. v. March.  There, the insurer's earlier-filed declaratory judgment action was properly consolidated with the plaintiff's equitable garnishment action.  March, 2013 WL 6838778, at *1-2.  After consolidating the garnishment and the declaratory judgment, the March court examined the proper alignment of the parties according to their interests and purposes, concluding the § 537.065 judgment creditor is properly the plaintiff seeking coverage, and the insurer and its insureds are properly the defendants.  Id. at * 2-3 (the court noted that but for the plaintiff seeking coverage, the insurer would not need an action at all).

When the parties are properly aligned with the judgment creditor as plaintiff, as the Hon. John a. Ross and the March court concluded, the Missouri insured defendant defeats diversity jurisdiction.  Id. at * 3 (the insured is a necessary party defendant, see Ex. F, p. 6, 9).  The March court explained "[t]o realign the parties in the equitable garnishment action to make Capitol Indemnity the plaintiff would not be in accordance with the primary purpose of the lawsuit. Instead, realignment would only serve the purpose of manufacturing federal jurisdiction."  Id. at * 3.  This Court should not permit ACI to continue its attempt to manufacture federal jurisdiction for a case involving "[t]he same parties, the same issues, the same insurance policy, and the same arguments."  March, at * 4.  "Because the interpretation of insurance policies is governed by

14

state law, Missouri law applies in both actions.  As a result, the state court is in a better position to adjudicate the matter." Id. (ordering a stay).

## IV. CONCLUSION

Accordingly, for the foregoing reasons and under the foregoing legal authorities, Defendant Douglas Bowen respectfully suggests this Court should abstain from exercising jurisdiction over this action pending the final outcome of the parallel state court action, properly align the parties according to the primary purpose of this action and the parties' respective interests herein, with Bowen as the plaintiff and ACI and the insureds as defendants, which defeats federal jurisdiction, and grant such other and further relief as is fair and reasonable in the circumstances.

**LAKE LAW FIRM, LLC**

*/s/ Tom Pirmantgen*
John H. Lake E.D. No. 23472MO
Tom Pirmantgen E.D. No. 52384MO
3401 West Truman Blvd.
Jefferson City, MO 65109
573-761-4790
573-761-4220-Facsimile
e-mail: tom@lakelawfirm.com
**Attorneys for Defendant Douglas Bowen**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2014, a copy of the foregoing document was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's CM/ECF system to Francis X. Duda and Mariano Favazza, Anderson & Gilbert, L.C., 515 Olive Street, Suite 704, St. Louis, Missouri 63101-1833 and Todd Muchnick, Muchnick & Haber, 8151 Clayton Road, Ste. 201, St. Louis, Missouri 63117.

s/ Tom Pirmantgen
Attorney for Plaintiff