# EXHIBIT A

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI

| | |
|---|---|
| DOUGLAS BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1322-CC09130 |
| vs. | ) |
| | ) |
| ATLANTIC CASUALTY | ) |
| INSURANCE COMPANY, Inc., | ) |
| | ) |
| KASHEV KALINDI, LLC, | ) |
| And BHARAT SAHEBA, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED PETITION

**COMES NOW** Plaintiff Douglas Bowen ("Plaintiff"), by and through his attorneys, Lake Law Firm, L.L.C., and for his First Amended Petition as a matter of course under Rule 55.33(a) against Defendant Atlantic Casualty Insurance Company, Inc. ("ACI") and Defendants Kashev Kalindi and Bharat Saheba states and alleges as follows:

### I. PARTIES AND VENUE

1. Plaintiff is an individual over the age of 18 currently residing in Callaway County, Missouri.

2. Defendant ACI is a foreign insurance company from the State of North Carolina authorized to do business in the State of Missouri under Company Number 420286 and NAIC Number 42846 and is regulated by the Department of Insurance.

3. Defendant Bharat Saheba is an individual over the age of 18 currently residing in Callaway County, Missouri.

1

4. Defendant Kashev Kalindi is a Limited Liability Company organized and existing in good standing under the laws of the State of Missouri with its motel business located in Callaway County, Missouri.

5. This is a direct action in law and equity commenced under Section 379.200, RSMo and Missouri common law seeking to reach and apply insurance money from ACI to satisfy a final judgment entered in plaintiff's favor for personal injuries. Defendants Saheba and Kashev Kalindi, LLC are defendants herein solely because that is statutorily mandated by Section 379.200. Venue is proper in this Court.

## II.     FACTS

6. Plaintiff commenced an action for personal injuries in the Circuit Court of Callaway County, Missouri, Case Number 12CW-CV01225 ("the underlying case"). A copy of the Petition from the underlying case is attached to plaintiff's initial petition as <u>Exhibit 1</u> and incorporated herein by this reference.

7. On August 19, 2012, Plaintiff was a guest in the Westwood Motel owned and operated by defendants Saheba and Kashev Kalindi, LLC in Callaway County, Missouri. Plaintiff suffered personal injuries caused by these defendants' negligence at that time and place.

8. On the date of the plaintiff's personal injuries, defendants Saheba and Kashev Kalindi, LLC were insured as the owners and operators of the motel under a policy of insurance numbered M202000176 issued by Defendant ACI. A copy of Defendant ACI's relevant insurance policy is attached to plaintiff's initial petition as <u>Exhibit 2</u> and incorporated herein by this reference.

9. Defendants Saheba and Kashev Kalindi, LLC complied with all of the terms and conditions under the policy, yet Defendant ACI refused to defend or indemnify them in the underlying case.

10. The parties to the underlying case thereafter entered into an agreement under Missouri Revised Statutes, Section 537.065, whereby plaintiff agreed to levy execution of any Judgment he might obtain in the underlying case only against any insurer which insures the legal liability of Defendants Saheba and Kashev Kalindi, LLC, and whereby they assigned to plaintiffs any action or claim they may have against Defendant ACI or any other insurance company. The § 537.065 agreement is attached to plaintiff's initial petition as <u>Exhibit 3</u> and incorporated herein by this reference as if fully set forth herein.

11. The parties conducted a trial before the Honorable Kevin Crane, Circuit Judge, Division III, upon all issues of liability and damages, whereupon Judge Crane entered Judgment in favor of plaintiff and against defendants Saheba and Kashev Kalindi, LLC in the amount of $6,000,000.00 for plaintiff's personal injuries. A copy of the Judgment is attached to plaintiff's initial petition as <u>Exhibit 4</u> and incorporated herein by this reference as if fully set forth herein.

12. More than thirty days have passed since Judge Crane entered the Judgment in favor of plaintiff on July 8, 2013, but the Judgment remains unsatisfied despite due demand for payment of the policy limits.

13. Under Missouri Revised Statutes, Section 379.200, plaintiff is the judgment creditor of defendants Saheba and Kashev Kalindi, LLC and is entitled to have his judgment satisfied by ACI under the aforementioned policy of insurance covering Saheba and Kashev Kalindi, LLC.

### III. LEGAL CLAIMS

### COUNT I--EQUITABLE GARNISHMENT § 379.200, RSMo

14. Plaintiff incorporates the allegations of paragraphs 1-13 as if fully set forth herein.

15. Plaintiff has a final judgment against defendants Saheba and Kashev Kalindi, LLC in the amount of $6,000,000.00 for his personal injuries.

16. Defendants Saheba and Kashev Kalindi, LLC were insured against such loss at the time when the cause of action arose in August, 2012.

17. The insurance covering Saheba and Kashev Kalindi, LLC was provided by ACI per the above-referenced policy.

18. The judgment obtained by plaintiff in the underlying action is final and has not been satisfied within thirty days after it was entered and it is covered by the above-referenced policy of insurance.

19. Plaintiff is entitled to proceed in equity under § 379.200 to reach and apply ACI's insurance proceeds to the satisfaction of the judgment.

WHEREFORE Plaintiff prays for this Court's entry of Judgment in his favor and against Defendant ACI for $6,000,000.00 in payment of the underlying judgment, plus applicable statutory interest, Plaintiff's costs incurred herein, and for such other and further relief as the Court deems fair and reasonable in the circumstances.

### COUNT II-VEXATIOUS REFUSAL §§ 375.296 AND 375.420, RSMo

20. Plaintiff incorporates the allegations of paragraphs 1-19 as if fully set forth herein.

21. This is an action to recover the amount of loss due plaintiff in equitable garnishment and as assignee under the above-referenced § 537.065 agreement and policy of insurance.

22. Saheba and Kashev Kalindi, LLC have assigned any and all claims they may have against ACI to plaintiff, including claims for vexatious refusal to defend and to pay, so plaintiff has standing and legal authority to pursue those claims in this action.

23. Defendant ACI has willfully failed and refused for a period exceeding thirty days after due demand to pay plaintiff's claim and loss without reasonable cause or excuse.

24. Plaintiff's assignors Saheba and Kashev Kalindi, LLC complied with all terms and conditions under the policy of insurance.

25. There is no credible bona fide dispute that ACI owes coverage and indemnification to plaintiff's assignors under the policy.

26. Plaintiff's assignors are residents of the State of Missouri and the policy was issued or delivered to plaintiff's assignor in the State of Missouri.

27. ACI's refusal to defend its insured and its refusal to pay plaintiff's loss and claim as assignee is vexatious, unreasonable, and without any justification.

28. Plaintiff is seeking the amount of the underlying judgment, and interest thereon, and additionally is seeking the statutory penalty and damages due him for ACI's vexatious refusal to defend and to pay, and his reasonable attorney's fees as provided under §§ 375.296 and 375.420, RSMo (2000).

WHEREFORE Plaintiff prays for this Court's entry of Judgment in his favor and against Defendant ACI requiring and ordering ACI to pay plaintiff's claim in the amount of the underlying judgment, plus costs and expenses incurred herein, his reasonable attorney's fees, pre-judgment interest, the penalty provided under §§ 375.296 and 375.420, RSMo (2000), and such other and further relief as the Court deems fair and reasonable in the circumstances.

## COUNT II-BREACH OF CONTRACT DUTY TO DEFEND

29. Plaintiff incorporates the allegations of paragraphs 1-28 as if fully set forth herein.

30. The ACI policy referenced above is a contract under which Defendant ACI assumed liabilities, duties, and obligations, and made promises to pay on claims, in exchange for payment of premiums.

31. All performance due Defendant ACI under the policy concerning the coverage at issue has been rendered in full and accepted by ACI, yet ACI has failed and refused to perform and honor its bargain under the policy after several demands by its insureds.

32. ACI's refusal to provide a defense to its insureds and to pay money to satisfy the Judgment in the underlying case as required under the policy constitute breaches of the policy, and such refusal was unreasonable, without proper cause, and in bad faith.

33. Defendant ACI's breach of the policy and continued failure to perform has directly and proximately caused monetary damages to its insureds and its insureds' assignees.

34. ACI's insureds have assigned any and all claims and actions they may have against Defendant ACI to Plaintiff, so Plaintiff has standing and legal authority to pursue those claims in this action, including the contractual claim for ACI's breach of its duty to defend its insureds in the underlying action.

WHEREFORE Plaintiff prays for this Court's entry of Judgment in his favor and against Defendant ACI requiring and ordering ACI to pay plaintiff's claim in the amount of the underlying judgment, plus costs and expenses incurred herein, his reasonable attorney's fees, pre-judgment interest, and such other and further relief as the Court deems fair and reasonable in the circumstances.

**LAKE LAW FIRM, LLC**

*/s/ John Lake /s/ Tom Pirmantgen*
John H. Lake MBE 23472
Tom Pirmantgen MBE 52384
3401 West Truman Blvd.
Jefferson City  Mo  65109
573-761-4790
573-761-4220-Facsimile
e-mail: tom@lakelawfirm.com

**Attorneys for Plaintiff**

7