UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY ) | |
| INSURANCE COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV1252 HEA |
| ) | |
| KESHAN KALINDI, LLC, d/b/a ) | |
| WESTWOODS MOTEL, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bowen's Motion to Stay First Amended Complaint, [Doc. No. 34], Defendant Bowen's Motion to Dismiss Counts III and IV of ACI's First Amended Complaint, [Doc. No. 36], Defendant Bowen's Motion to Dismiss Count II of the First Amended Complaint, [Doc. No. 40], and Defendants Kalindi, LLC and Saheba's Motion to Dismiss Counts II, III, and IV of ACI's First Amended Complaint, [Doc. No. 43]. Plaintiff has responded to Bowen's Motions, but has filed nothing in response to Defendants Keshan Kalindi, LLC and Bharat Saheba's motions. Defendant Bowen has filed a Reply with regard to his Motion to Dismiss. At the parties' request, the Court conducted a hearing on the Bowen on May 1, 2014. For the reasons set forth below, the

Bowen Motions are granted. The Keshan Kalindi, LLC and Bharat Saheba' Motions are granted in part.

## Standard for Motion to Dismiss

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570;

accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub.*

*Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555).

**Facts and Background**

Plaintiff does not dispute the factual background set out by Defendant Bowen:

In 2013 Defendants Bharat Saheba and his motel company received a state-court petition seeking monetary damages for personal injuries suffered by Defendant Bowen. The underlying case alleged that on August 19, 2012 Bowen was a guest of the Westwood Motel, which is owned and operated by Saheba and Kashev Kalindi, LLC, and that he was injured when Saheba, the motel manager, negligently provided him a dangerous product called Liquid Fire to unclog the sink in his room. Saheba and the LLC were insured as the owner and operator of the motel under a policy of insurance numbered M202000176 issued by ACI.

ACI declined to provide a defense in the underlying action based on an exclusion that excludes coverage for injuries to employees. Saheba and the LLC entered into an agreement under § 537.065, RSMo, whereby Bowen agreed in the event of a judgment he would attempt to collect solely against ACI. They proceeded to trial on all issues of liability and damages in the underlying case on July 8, 2013.

Aware of the July 8, 2013 trial date in the underlying action, ACI commenced this action one week earlier on July 1, 2013. After the July 8, 2013 trial, the State Court entered Judgment in Bowen's favor and against Saheba and the LLC in the amount of $6,000,000.00. Bowen's demand for the policy limits of $500,000.00 remained open for 9 days after the judgment but ACI rejected the demand. The Judgment became final thirty days later; on August 15, 2013. Bowen filed an action in the Circuit Court of the City of St. Louis based on Missouri Statutes § 379.200 (equitable garnishment), with ACI, Saheba, and the motel LLC named as defendants.

The City of St. Louis case involves the same parties as the case before this Court, the same ACI insurance policy and exclusion, and the same state-law question of whether there is coverage for the Callaway County Judgment under ACI's policy.

On September 27, 2013, ACI removed Bowen's state case to the United States District Court, Eastern District of Missouri. The federal case number was 4:13-cv-01919-JAR. After Bowen submitted a motion seeking remand and the parties submitted briefing, the District Court remanded the state case. In opposing remand, ACI argued that its insureds are not necessary parties to Bowen's collection efforts, but the District Court disagreed, finding "Under relevant and

applicable Eighth Circuit and Eastern District of Missouri precedent, as well as the clear language of § 379.200, the Court finds that [the insureds] are necessary parties to this action." ACI also argued that its insureds should be realigned as plaintiffs alongside Bowen, but the District Court did not agree, instead finding "that realignment of [the insureds] is improper and, furthermore, that it would not result in this Court retaining jurisdiction under 28 U.S.C. § 1332." The remand court wrote "Further, even if [the insureds] were realigned, this case would still be remanded because the Court would deem ACI to be a Missouri citizen under operation of 28 U.S.C. § 1332." The remand court explained "The Court agrees that Bowen's claims all arise out of a single underlying harm. The Court declines to split Bowen's claims to allow ACI to have a federal forum for the breach of contract and vexatious refusal claims when the equitable garnishment claim will involve the same underlying facts."

After remand, the parties continued to litigate the case in the City of St. Louis.

ACI's amended answer states a counterclaim against Bowen and cross claim against the insured's seeking a declaration that the underlying judgment is unenforceable; that there is no coverage under ACI's policy; that there is no duty to defend or indemnify, that the § 537.065 agreement is unenforceable; and that

- 6 -

the underlying judgment is not supported by evidence and was unreasonable. ACI specifically challenges the § 537.065 agreement as being unenforceable because it purportedly includes contingent claims, requires the insureds to waive the right to present evidence, object to evidence or make argument, and provides for sharing of proceeds between Bowen and the insureds.

ACI initially pled its case here as a declaratory judgment action seeking the same declaration it is seeking in the state case: that there is no coverage or duty to defend related to the underlying Callaway County case. Bowen submitted a motion to stay the declaratory judgment action pending resolution of the parallel state action. After briefing ACI then requested oral argument on Bowen's motion to stay, which was granted. At the hearing, ACI made a last-minute oral motion to amend its complaint, which this Court granted.

The amended complaint alleges the same declaratory judgment as the initial complaint and adds a purported tort count and contract claim against Bowen. 26. On March 11, 2014, ACI submitted a motion seeking a stay in the remanded state case, expressly acknowledging the state case is a parallel case, stating: "The central issue before this Court is at the center of the federal court's declaratory judgment action," and that "[b]oth the federal and state actions arise out of the same transaction or occurrence as they both relate to the proceeds of an insurance

policy." ACI admitted in the state case on January 16, 2014 that "This action for declaratory judgment is appropriately in this Court[,]" and "This Court has jurisdiction over this matter[,]" and "Venue is proper" in the City of St. Louis.

## Discussion

## Motions to Dismiss

In assessing "plausibility," as required under the *Twombly* and *Iqbal* standard, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.' " *Whitney v. Guys, Inc*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir.2003)). Thus, courts may consider "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir.2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir.2011)). A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of

the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n. 3 (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1357 (3d ed.2004)).

**Count II**

Count II states no claim against Defendant Bowen. Likewise, it seeks no recovery from Bowen. Therefore, with respect to Bowen, the count will be dismissed.

Regarding Defendants Saheba and Keshan Kalindi, LLC, Count II alleges that these defendants breached their duties under the provisions of the Policy of insurance by entering into the 537.065 agreement. The allegations of breach postdate the refusal of Plaintiff to defend the suit brought by Defendant Bowen. Under Missouri law, the insurer's refusal to defend allows the insured to negociate a reasonable settlement. *Esicorp, Inc. v. Liberty Mut. Ins., Co.*, 193 F.3d 966, 970 (8th Cir.1999) ( "Missouri law recognizes that, by refusing to defend, the insurer gives up its contractual right to control the defense of the underlying action and frees the insured to negotiate a reasonable settlement with the plaintiff. In this situation, the general rule in Missouri is that the insured ... or an assignee ... may recover the amount of the settlement absent collusion or bad faith."); *Hyatt Corp.*

*v. Occidental Fire & Cas. Co. of N.C.*, 801 S.W.2d 382, 388 (Mo.Ct.App.1990). "Pursuant to this theory, the insurer, having breached a duty to provide a defense and having left the insured to face defense costs and potential liability without the benefit of coverage, is estopped from challenging the insured's litigation decisions, management of the defense, and certain aspects of the insured's settlement with the plaintiff. *U.S. Bank Nat. Ass'n v. Federal Ins. Co.*, 664 F.3d 693, 700 (8th Cir. 2011). The motion to dismiss Count II will be granted.

**Count III**

Count III seeks to set out a claim for "extrinsic fraud." Plaintiff argues that extrinsic fraud is both an affirmative defense and an affirmative claim. Indeed, Plaintiff has argued in the state action the same defenses to the garnishment action as it seeks to raise in this action as an affirmative claim. Notwithstanding that Plaintiff has a venue in which to raise its defense, the Court agrees with Defendant that Plaintiff's attempt to circumvent the state court action through this Court is unavailing. Clearly, Plaintiff's claim can only arise in the context of an affirmative defense. "An affirmative defense is 'a procedural tool available to defendants which "seeks to defeat or avoid the plaintiff's cause of action [ ] and avers that[,] even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid

the legal responsibility alleged.'" *Thompson v. Brown and Williamson Tobacco Corporation*, 207 S.W.3d 76, 122 (Mo.App.2006) (quoting *Mobley v. Baker*, 72 S.W.3d 251, 257 (Mo.App.2002))." *Johnson v. Allstate Ins. Co.*, 262 S.W.3d 655, 666 (Mo.App. 2008). But for the garnishment action, Plaintiff would have no "affirmative claim" for the alleged extrinsic fraud. *Ergo*, in order for Plaintiff to claim any extrinsic fraud, a claim must be made against it in the garnishment action in the first instance. The claims regarding the validity of the agreement constitute affirmative defenses. *Id.* Count III will be dismissed.

**Count IV**

Bowen correctly argues that Count IV raises no claims and seeks no damages against him. His motion to dismiss will be granted.

As to Defendants Keshan Kalindi LLC and Saheba, Count IV asserts that Bharat Saheba for Keshan Kalindi, LLC made false statements and misrepresentations upon which Plaintiff relied in the issuance of the policy of insurance. Plaintiff prays "the Court enter its judgment declaring the Policy (M202000176) for insurance between Atlantic and Kalindi unenforceable as a result of fraud in the inducement" and for monetary damages. Defendants Keshan Kalindi LLC and Saheba have raised no specific issues with regard to the sufficiency of the allegations of Count IV, rather, in their motion and

memorandum in support thereof, Defendants merely address the specifics failings of Counts II and III. As such, the Motion does not sufficiently challenge the allegations in Count IV. The Motion is denied as to Count IV.

**Motion to Stay**

"A federal court has discretion in determining whether to abstain from hearing a declaratory judgment." *American States Ins. Co. V. Gates Corp*, 2008 WL 163588, at *4 (E.D. Mo. 2008), (citing *Wilton v. Seven Falls Co* ., 515 U.S. 277, 290 (1995)). It would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Wilton*, 515 U.S. at 282 (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). "Where a state court is in a better position to adjudicate a state law matter, permitting a federal court action to proceed would be unnecessarily duplicative and uneconomical." *American States Ins. Co.*, 2008 WL 163588, at *5 (quoting *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir.2000). "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal court can proceed without risk of a time bar if the state case ... fails to resolve the matter in controversy." *Royal Indemnity Co. v. Apex Oil Co.*, 511 F.3d

788, 797 (8th Cir .2008) (quoting *Wilton*, 515 U.S. at 288); see *American States Ins. Co.*, 2008 WL 163588, at *5 (staying declaratory judgment action pending the outcome of state court equitable garnishment case where the garnishment action addressed the exact issue presented in the declaratory judgment action).

This Court finds that the declaratory judgment action should be stayed pending the outcome of the equitable garnishment action in the state court. Both actions involve the same parties, the same issues, the same insurance policy, and the same arguments. Because the interpretation of insurance policies is governed by state law, Missouri law applies in both actions. See *Capitol Indemnity Corp.*, 218 F.3d at 875. As a result, the state court is in a better position to adjudicate the matter. *Id*.

**Conclusion**

Based upon the foregoing analysis, the Court will stay Count I of this action pending resolution in the state court. The Court dismisses Counts II and III. Count IV as to Defendant Bowen is dismissed and will remain pending against Defendants Keshan Kalindi LLC and Saheba

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bowen's Motion to Stay First Amended Complaint, [Doc. No. 34], is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Bowen's Motion to Dismiss Counts III and IV of ACI's First Amended Complaint, [Doc. No. 36], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Bowen's Motion to Dismiss Count II of the First Amended Complaint, [Doc. No. 40], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Kalindi, LLC and Saheba's Motion to Dismiss Counts II, III, and IV of ACI's First Amended Complaint, [Doc. No. 43] is granted in part and denied in part. **Counts II and III are Dismissed**; **Count IV remains pending** against these defendants.

Dated this 7th day of May 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE